UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JEAN C. CANTAVE,

                Plaintiff,

- against -

NEW YORK CITY POLICE OFFICERS;
MICHAEL FAILLA, Detective Investigator of the
113th Precinct, Shield #3446; and FRANK
DEGAETANO, Assistant District Attorney of the
Special Victims Bureau in and for the County of
Queens,

                Defendants.

------------------------------------------------------------X

**ORDER**
**09-CV-2226 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

    The Court held a status conference pursuant to Fed. R. Civ. P. 16 by telephone on December 2, 2009 and set **March 1, 2010** as the deadline for the parties to complete all discovery. Any request to amend the complaint, including any request to join other parties, shall be made by January 4, 2010. Fed. R. Civ. P. 16(b)(3)(A).

    Discovery is the process by which the parties request information from each other regarding their claims or defenses. Each party bears its own costs of conducting discovery. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since March 1, 2010 is the deadline for the *completion* of all

discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendants; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

A deposition upon oral examination pursuant to Fed. R. Civ. P. 30 is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or upon affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. The Court hereby grants defendants permission to depose plaintiff pursuant to Fed. R. Civ. P. 30(a)(2).

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. See Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention.

Defendants have stated that they intend to move for summary judgment at the close of discovery. Defendants shall serve their motion for summary judgment, including the requisite notice to pro se litigants pursuant to Local Civil Rule 56.2, by April 1, 2010. Plaintiff shall serve his opposition to the motion for summary judgment on defendants' counsel by May 3, 2010. Defendants shall serve any reply and file the fully briefed motion electronically by May 17, 2010.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 2, 2009
      Brooklyn, New York